UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00268-JLS-JDE                              Date: May 26, 2022
Title:  Ghassem Azadian et al v. Gregory Reed et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| D. Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                                 Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING MOTION FOR ORDER TO REMAND (Doc. 9)**

Before the Court is Plaintiff's Motion for Order to Remand.  (Mot., Doc. 9.) Defendant City of Newport Beach (sometimes referred to herein as the "City") opposed, and Plaintiff replied.  (Opp., Doc. 25; Reply, Doc. 27).  The Court took this matter under submission.  For the following reasons, the Court DENIES Plaintiff's Motion.

## I.   BACKGROUND

On January 19, 2022 Plaintiff filed a First Amended Complaint ("FAC") in the Superior Court of California (County of Orange) against Defendants Gregory Ira Reed and Carolyn Marie Reed (in their individual capacity and in their capacities as co-trustees of the CMGI Trust ("Reed Trust")), Legacy C D M Inc., SCC Structural Concrete, Greenleaf Engineering, and the City of Newport Beach.  (Ex. C (FAC), Doc. 1-3.) Plaintiff's causes of action in the FAC relate to his home at 1121 Kings Road in Newport Beach, CA.  (*Id.* ¶ 16.)

Plaintiff alleges that directly behind his home "is a sewer easement held by" Defendant City of Newport Beach.  (*Id.* ¶ 17.)   Plaintiff alleges that "the sewer line has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00268-JLS-JDE                                        Date: May 26, 2022
Title:  Ghassem Azadian et al v. Gregory Reed et al

repeatedly backed up . . . on numerous occasions, causing extensive property damage and creating health risks for these residents." (*Id.* ¶ 20.)  The City, according to Plaintiff, "has failed and refused to abandon the sewer line." (*Id.* ¶ 22.)  Plaintiff contends that the City should have abandoned the easement and instead had the "sewer systems redirected to tie directly into the main sewer line under Kings Road." (*Id.* ¶ 23.)

Plaintiff alleges that after Defendants Ira Reed and Carolyn Reed (together, the "Reeds") purchased a home next door to Plaintiff, his home experienced "more sewage backups." (*Id.* ¶ 24.)  In May 2019, "the Reeds approached Plaintiff to seek his support" of the Reeds' home remodeling project. (*Id.* ¶ 25.)  Specifically, "the Reeds requested that Plaintiff sign a letter of support that the Reeds would then submit to the Newport Beach Planning Commission." (*Id.*)  Plaintiff stated that "he would support their project if the Reeds also agreed to divert all their sewage directly to the sewer line under Kings Road rather than tying into the sewer line that ran through the easement across Plaintiff's property." (*Id.* ¶ 29.)  Greg Reed responded "that they would agree to pursue pumping directly to the main sewer line under Kings Road and that he would discuss it with his architect, engineer and the City." (*Id.* ¶ 28.)  The Planning Commission eventually approved the Reeds' plan, which Plaintiff contends would not have occurred without his letter of support. (*Id.* ¶ 33.)  In August 2019, Plaintiff alleges that he "learned from several neighbors that the Reeds had misrepresented to them the size of their project." (*Id.* ¶ 34.)  Plaintiff thereafter appealed the variance with the City Council, which the City Council heard on September 10, 2019. (*Id.* ¶ 41.)  His appeal was rejected.

"Also in September of 2019, Plaintiff submitted his own application for a building permit to the City." (*Id.* ¶ 50.)  Plaintiff contends that the City required him, as part of his project, "to redirect all his sewage to Kings Road." (*Id*. ¶ 51.)  "Consistent with the Reeds' promise to direct all their sewage to Kings Road, which induced Plaintiff to sign the letter of support to the Planning Commission (Exhibit C), Plaintiff confirmed that these requirements were also imposed upon the Reeds through a Plan Check Correction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-00268-JLS-JDE            Date: May 26, 2022
Title: Ghassem Azadian et al v. Gregory Reed et al

List dated November 8, 2019." (*Id.* ¶ 52.) Plaintiff alleges that the Plan Check Correction List was sent to the Reeds and thereafter "the Reeds met with Mike Sinacori, Assistant City Engineer for City, and conspired to make life more difficult for Plaintiff and his wife." (*Id.* ¶ 53.) Thereafter, "Mike Sinacori telephoned Plaintiff and advised him that, despite the previously imposed requirement that the [Reeds Residence's] sewer line be redirected to the main under Kings Road, the Reeds had decided to attach their sewer line to the sewer line within the easement and that the City was going to allow them to do so. (*Id.*) Plaintiff avers "that the City's decision to allow the Reeds to tie into the easement sewer line was in retaliation against Plaintiff and his wife for protesting the Reed Project and reflected deep-seated racist views within City personnel against Persian-Americans." (*Id.* ¶ 61.)

In the FAC, Plaintiff alleges additional incidents relating to the City's approval of the Reeds' remodeling project. (*Id.* ¶¶ 65-75.) Accordingly, Plaintiff brings the following causes of action: (1) fraud and deceit against the Reeds; (2) violation of Federal Civil Rights pursuant to 42 U.S.C. § 1983 against the City; (3) negligence against the Reeds, Reed Trust, Legacy C D M Inc. (a general contractor for the Reeds' remodeling project), Greenleaf Engineering (a subcontractor to Legacy), and SCC Structural Concrete (a subcontractor on the Reeds' remodeling project); (4) public nuisance against the Reeds, Reed Trust, and the City; (5) public nuisance against the City; (6) private nuisance against the Reeds, Reed Trust, Legacy, and SCC Structural Concrete; and (7) issuance of a writ of mandate. (*Id.* ¶¶ 76-149.) Plaintiff avers that "Defendants, and each of them, approved of, condoned, and/or otherwise ratified each of the acts or omissions complained of." (*Id.* ¶ 13.) Plaintiff further avers that "Defendants, and each of them, aided and abetted the acts and omissions of each of the other Defendants." (*Id.*)

On February 18, 2022, the City removed the action to this Court on the basis of federal question jurisdiction and supplemental jurisdiction. (NOR at 2, Doc. 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00268-JLS-JDE                                    Date: May 26, 2022
Title:  Ghassem Azadian et al v. Gregory Reed et al

## II.  LEGAL STANDARD

The "[f]ederal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal quotation marks omitted).  For a defendant seeking to remove pursuant to 28 U.S.C. § 1441, which permits removal based on diversity and federal-question jurisdiction, there exists a "'strong presumption against removal.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Id.* (internal quotation marks omitted).

## III.  DISCUSSION

In his Motion, Plaintiff contends that the City has not established that this Court has jurisdiction in this matter.  (Mot., Doc. 9.)  The Court disagrees.

*First*, the City has properly established that this Court has federal question jurisdiction.  "Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018).  The well-pleaded complaint rule "provides that an action 'aris[es] under' federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Id.*  A case can arise under federal law "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013).  Here, Plaintiff's FAC brings a cause of action under 42 U.S.C. § 1983 against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00268-JLS-JDE                                                    Date: May 26, 2022
Title:  Ghassem Azadian et al v. Gregory Reed et al

the City for their alleged violations of his constitutional rights.  Therefore, the City has established federal-question jurisdiction.

    *Second*, the City has properly established that this Court has supplemental jurisdiction over the state-law claims asserted in the FAC.  "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "Nonfederal claims are part of the same case as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."  *Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (internal quotation marks omitted); *see also Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together.").

    Here, contrary to Plaintiff's arguments, Plaintiff's state-law causes of actions and his Section 1983 claim both "derive from a common nucleus of operative fact and are such that a plaintiff would be ordinarily expected to try them in one judicial proceeding."  *Trustees*, 333 F.3d at 925.  In his FAC, all of Plaintiff's causes of action stem from the City's alleged refusal to abandon the sewage easement, and the City's alleged retaliation against Plaintiff for protesting the Reed project.  Moreover, Plaintiff's allegations that "Defendants, and each of them, aided and abetted the actions and omissions of each of the other Defendants" further demonstrate that the causes of action form part of the same case or controversy.  (*See*, *e.g.*, Ex. C (FAC) ¶ 13, Doc. 1-3.)  Accordingly, the Court rejects Plaintiff's argument that this Court lacks supplemental jurisdiction over the state-law claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00268-JLS-JDE                              Date: May 26, 2022
Title:  Ghassem Azadian et al v. Gregory Reed et al

### IV.     CONCLUSION

For the above reasons, Plaintiff's Motion is DENIED.

                                                          Initials of Deputy Clerk:  droj